IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEAN WEISNER, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:20-cv-03767-B (BT) |
| | § | |
| COURT OF CRIMINAL | § | |
| APPEALS, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Sean Weisner, a Texas prisoner, filed a *pro se* petition for a writ of mandamus on December 31, 2020. The Court dismissed Weisner's petition without prejudice for failure to timely pay the filing fee. *See* Order Adopting and Judgment (ECF Nos. 7 and 8). Thereafter, Weisner filed a "Motion to Leave [sic] for Extension of Time for Payment to be Received" and a "Motion for Leave to Resubmit Petition with Brief in Support." (ECF Nos. 9 and 10). For the reasons stated, the Court should construe Weisner's motions together as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), grant the motion, and vacate the February 19, 2021 Judgment (ECF No. 8). However, the Court should also find that it lacks subject matter jurisdiction over Weisner's petition and dismiss it without prejudice on that basis.

## Background

Weisner filed his petition for a writ of mandamus on December 31, 2020, apparently seeking an order from this Court compelling the Texas Court of Criminal Appeals (CCA) to set aside his criminal convictions.[1] *See* Petition (ECF No. 3). He moved for leave to proceed *in forma pauperis*, but the magistrate judge issued a recommendation that his motion be denied because he had adequate financial resources to pay the $5.00 filing fee. *See* Findings, Conclusions, and Recommendation (ECF No. 6). The magistrate judge further recommended that if Weisner did not pay the filing fee within 30 days of the recommendation—March 3, 2021—that his petition be dismissed without prejudice. *Id.* The Court accepted that recommendation and dismissed Weisner's petition on February 19, 2021. *See* Order Adopting and Judgment (ECF Nos. 9 and 10).

On February 25, 2021, Weisner filed his "Motion to Leave [sic] for Extension of Time for Payment to be Received," in which he argues that he filed the necessary paperwork for the TDCJ to remove the filing fee from his account, but that he lacks control over when the TDJC actually forwards the money to this Court. (ECF No. 9). On March 1, 2021, Weisner filed a "Motion

---

[1] This is not Weisner's first attempt to have this Court set aside his criminal convictions. He previously filed a petition for a federal writ of habeas corpus, which this Court dismissed as time-barred on November 14, 2016. *See* Order Accepting and Judgment (ECF Nos. 35 and 36), *Sean Weisner v. TDCJ-CID, Director*, 3:15-cv-02287-B-BF.

2

for Leave to Resubmit Petition with Brief in Support," in which he notes that the magistrate judge recommended that he have 30 days to pay the filing fee, but the Court entered its order accepting that recommendation and the accompanying judgment before the 30-day time period expired. (ECF No. 10). He again notes that he filled out the necessary paperwork to have the $5.00 removed from his trust account and forwarded to this Court. *Id.* On March 17, 2021, the Court received Weisner's filing fee from the TDCJ.

## Legal Standards and Analysis

A. <u>Weisner's motions, construed together as a motion to alter or amend the judgment, should be granted.</u>

The Court must construe the filings of *pro se* inmates liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). So here, the Court should construe Weisner's "Motion to [sic] Leave for Extension of Time for Payment to be Received" and "Motion for Leave to Resubmit Petition with Brief in Support," together, as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, since they were filed within 28 days of the entry of judgment. *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").

"To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact." *Belger v. Davis*, 2018 WL 6174248, at *2 (N.D. Tex. Nov. 5, 2018) (citing *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003), *rec. accepted*, 2018 WL 6171705 (N.D. Tex. Nov. 26, 2018) (Boyle, J.). When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all of the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Weisner's motion is best understood as implicating the manifest-error-of-fact ground for altering a judgment. *See Belger*, 2018 WL 6174248, at *2 (finding that inmate's payment of filing fee shortly after judgment dismissing case for failure to pay the same "implicates a manifest error of fact that warrants consideration of the need to render a decision on the basis of all the facts"). As this Court noted in *Belger*, "[t]here is often a considerable delay between a petitioner's authorization for a prison facility to withdraw the filing fee from his account and the actual receipt of the filing fee by a court." *Id.* Here, as in *Belger*, given the short duration between the judgment and the receipt of the filing fee (less than a month), the payment could have been in process at the time that this case was dismissed for failure

4

to pay the filing fee. *See id.* "This implicates a manifest error of fact that warrants consideration of the need to render a decision on the basis of all the facts." *Id.* Accordingly, Weisner's motion to alter or amend the judgment should be granted, the judgment dismissing the case should be vacated, and the case should be considered on the merits.

B.  <u>Weisner's petition for a writ of mandamus should be dismissed for lack of subject matter jurisdiction.</u>

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be extended by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or treaty, *see* 18 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "A court must raise the issue of subject-matter jurisdiction *sua sponte* at any time during the course of litigation if it appears that subject-matter jurisdiction is lacking." *Housing Services, Inc. v. Alden Torch Financial, LLC*, 2021 WL 325640, at *4 (N.D. Tex. Jan. 31, 2021) (citations omitted).

Liberally construed, Weisner's petition seeks a writ of mandamus directing the CCA to set aside his criminal convictions. Such relief implicates the federal mandamus statute, which provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or agency of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. But federal courts lack the jurisdiction to issue a writ of mandamus against a state court, agency, or actor. *See, e.g., Conner v. Texas Court of Criminal Appeals*, 481 F. App'x 952, (5th Cir. 2012) (dismissing petition for writ of mandamus asking the district court to order the CCA to accept the filing of prisoner's petition for discretionary review as timely because the "district court lacked authority to order the state court to act on Conner's PDR") (citations omitted); *Moore v. 204th Dist. Ct.*, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) ("Federal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties.") (citing *Moye v. DeKalb County Sup. Court*, 474 F.2d 1275-76 (5th Cir. 1973)). Thus, this Court lacks subject matter jurisdiction to consider Weisner's petition for mandamus.

Further, to the extent that Weisner's petition could be construed as a request that this Court authorize him to file a successive habeas application, the Court would still lack jurisdiction to do so. *See* 28 U.S.C. § 2244(b)(3); *Leal Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009) ("AEDPA

6

requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition.") (footnotes omitted)).

Thus, Weisner's petition should be dismissed for lack of subject matter jurisdiction.

### Recommendation

The Court should (1) construe Weisner's "Motion to [sic] Leave for Extension of Time for payment to be Received" and "Motion for Leave to Resubmit Petition with Brief in Support"(ECF Nos. 9 and 10), together, as a motion to alter or amend the judgment, (2) grant the motion, and (3) vacate the February 19, 2021 judgment (ECF No. 8) dismissing Weisner's petition for failure to pay the filing fee. The Court should further issue a judgment dismissing Weisner's petition without prejudice for lack of subject matter jurisdiction.

Signed April 15, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

7

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).