IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SEAN WEISNER, § | |
|    Petitioner, § | |
| § | |
| v. § | No. 3:20-cv-03767-B (BT) |
| § | |
| COURT OF CRIMINAL APPEALS, § | |
|    Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

  Sean Weisner, a Texas prisoner, filed a *pro se* petition for a writ of mandamus on December 31, 2020. *See* Petition (ECF No. 3). On May 6, 2021, the Court issued judgment, dismissing Weisner's petition without prejudice for lack of subject matter jurisdiction. *See* Judgment (ECF No. 14). Weisner then filed a "Motion for Leave to Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)" (Motion to Amend Judgment). *See* Motion to Amend Judgment (ECF No. 16). For the following reasons, the Court should deny the Motion to Amend Judgment.

**Background**

  On April 15, 2021, the undersigned issued findings, conclusions, and a recommendation (FCR), recommending that Weisner's petition be dismissed without prejudice for lack of subject matter jurisdiction. *See* FCR (ECF No. 12). The FCR specifically indicated that Weisner had 14 days

1

from the date he was served with the FCR to file written objections to it. (*See id.* at 8).

On May 4, 2021, having received no objections, the Court accepted the FCR in full, and, on May 6, 2021, the Court issued a judgment dismissing Weisner's petition without prejudice for lack of subject matter jurisdiction. *See* Order Adopting and Judgment (ECF Nos. 13, 14).

On May 17, 2021, Weisner filed the instant Motion to Amend Judgment. That same day, he also filed a motion asking the Court to accept his proposed objections as timely filed (ECF No. 15). The Court denied that motion, finding that the objections were due on or before May 4, 2021, but because Weisner failed to place his objections into the mail until May 10, 2021, they were untimely. *See* Order (ECF No. 17). The Court now considers Weisner's Motion to Amend Judgment.

**Legal Standards**

"To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact." *Belger v. Davis*, 2018 WL 6174248, at *2 (N.D. Tex. Nov. 5, 2018) (citing *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003), *rec. accepted*, 2018 WL 6171705 (N.D. Tex. Nov. 26, 2018) (Boyle, J.). When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between

two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all of the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted).

**Analysis and Recommendation**

Weiser's Motion to Amend Judgment should be denied. Weisner appears to argue that the May 6, 2021 Judgment suffered from a manifest error of law or fact. He claims that the Court did not afford him the requisite 14-day objection period before adopting the FCR and dismissing his case. *See* (ECF 16 at 1). Weisner asserts that his objections were actually due on or before May 12, 2021, and, because he placed them in the mail on May 10, 2021, they are timely.

But the undersigned rejected that argument in denying Weisner's motion asking the Court to accept his objections as timely filed, and it is recommended that the Court do so again here. The Court docket sheet indicates that the FCRs were served on April 19, 2021, giving Weisner 14 days from the next day, April 20, 2021, to file objections. *See* FED. R. CIV. P.

6; *see also* Order Denying Motion to Accept Objections as Timely Filed (ECF No. 17). So, his objections were due on or before May 4, 2021, but were not, by Weisner's own admission, placed into the mail until May 10, 2021. *See* Motion to Accept Objections as Timely Filed (ECF No. 15). Thus, Weisner fails to identify a manifest error of law or fact or any other reason to amend the May 6, 2021 judgment, and the undersigned recommends that his motion to alter or amend the judgment (ECF No. 16) be denied.

Signed June 4, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).